IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| John Jung and Janice Jung, | ) | |
| | ) | Case No. 2:08-cv-120 |
| Plaintiffs, | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| -vs- | ) | **RECOMMENDATION AND** |
| | ) | **SUPPLEMENTAL ANALYSIS** |
| General Casualty Company of Wisconsin, | ) | |
| | ) | |
| Defendant. | ) | |

The Court received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending Defendant General Casualty Company of Wisconsin's ("General Casualty") motion for summary judgment be granted and Plaintiffs John and Janice Jung's Complaint be dismissed (Doc. #20). The Jungs objected to the Report and Recommendation (Doc. #22), and General Casualty filed a brief in response to the objections (Doc. #23).

On September 17, 2010, the Court held a hearing on the motion for summary judgment and objections to the Report and Recommendation. The Court, having carefully considered the arguments of the parties and after a *de novo* review of the objections to the Report and Recommendation, now issues this memorandum opinion and order.

**BRIEF BACKGROUND**

The facts are not in dispute. John Jung was seriously injured in a motor vehicle accident. At the time of the accident, Jung was driving a vehicle owned by his employer, Tooz Construction, and insured by General Casualty. The tortfeasor was driving a vehicle he owned and insured under a motor vehicle liability policy and a personal excess liability policy.

The Jungs collected from the tortfeasor's insurer the $250,000 limit of liability coverage and the $1,000,000 limit of excess coverage. The Jungs now seek coverage under General Casualty's underinsured motor vehicle ("UIM") endorsement.

The dispute is whether, as a matter of law, the at-fault vehicle is underinsured pursuant to N.D. Cent. Code § 26.1-40-15.1 through 15.7 and as defined in General Casualty's policy. The Jungs first contend the Report and Recommendation improperly skipped analyzing the pertinent statutes governing UIM coverage. The Jungs also contend the focus of the inquiry is on the policy insuring the motor vehicle and not the driver, and the excess policy at issue insures the driver and does not constitute a motor vehicle policy for purposes of UIM coverage.

## ANALYSIS

### 1.   Statutory Analysis

While the Jungs contend the magistrate judge skipped analyzing the law, the Report and Recommendation quotes N. D. Cent. Code § 26.1-40-15.3, which mandates UIM coverage and N.D. Cent. Code § 26.1-40-15.1, which defines underinsured motor vehicle. To the extent the Report and Recommendation can be construed as failing to analyze the statutory language, the Court begins its analysis with the statute. Under North Dakota law, an underinsured motor vehicle is defined as a vehicle

> for which there is a bodily injury liability insurance policy, or bond providing equivalent liability protection, in effect at the time of the accident, but the applicable limit of bodily injury liability of such policy or bond:
>
>   a.   is less than the applicable limit for underinsured motorist coverage under the insured's policy; or
>
>   b.   has been reduced by payments to other persons injured in the accident to an amount less than the limit for underinsured motorist coverage under the insured's policy.

2

N. D. Cent. Code § 26.1-40.-15.1(2). To trigger UIM coverage, a tortfeasor's motor vehicle must meet the statutory definition of underinsured motor vehicle in N. D. Cent. Code § 26.1-40-15.1(2). DeCoteau v. NoDak Mutual Ins. Co., 603 N.W.2d 906, 912 (N.D. 2000). If the threshold definition is not satisfied, an insured is not entitled to UIM coverage. Id.

In this case, the Jungs collected from the tortfeasor's insurer the limits of liability coverage for the motor vehicle and the limits of personal excess liability coverage. The personal excess liability policy specifically identified and insured the tortfeasor's vehicle. The excess policy not only described the vehicle, but also identified the underlying motor vehicle policy. The fact that the excess policy covers more than the underlying motor vehicle policy does not render it inapplicable for purposes of determining whether the vehicle is underinsured. The Court finds the excess policy in this case is a liability policy applicable to the tortfeasor's vehicle and must be considered when analyzing whether the vehicle is underinsured under North Dakota law.

The Jungs collected the sum of $1,250,000 from the tortfeasor's insurer, which is $250,000 more than the UIM limit under General Casualty's policy. When an insured receives more from the tortfeasor's insurer than the insured's UIM limit, he is not underinsured. Score v. American Family Mut. Ins. Co., 538 N.W.2d 206 (N.D. 1995) (insured was not entitled to recover under his automobile policy containing a $100,000 UIM limit because he received $140,000 from the tortfeasor's insurer). Under the plain language of N. D. Cent. Code § 26.1-40-15.1(2), the at-fault vehicle involved in the accident with John Jung was not underinsured. Because the Jungs have failed to establish the vehicle meets the statutory definition of underinsured motor vehicle, their UIM claim fails as a matter of law. DeCoteau, 603 N.W.2d at 912.

### 2.     **Insurance Policy Analysis**

In objecting to the Report and Recommendation, the Jungs renew their argument that <u>Rask v. NoDak Mut. Ins. Co.</u>, 626 N.W.2d 693, 697 (N.D. 2001) is determinative. As explained by the magistrate judge, <u>Rask</u> is distinguishable and not controlling in this case. <u>Rask</u> involved a one-vehicle accident. The driver of the vehicle was not the owner of the vehicle, but was considered to be insured as a permissive user under the driver's policy. Two passengers were killed and two other passengers were seriously injured. The four passengers, or their legal representatives, sued the driver. The insurer of the motor vehicle and the insurer of the driver contributed their policy limits. The mother of one of the passengers that was killed sought to collect UIM coverage from her insurer. The Supreme Court determined the accident did not arise out of the ownership, maintenance, or use of a vehicle owned by the driver, and, therefore, the only policy that was to be considered for purposes of UIM coverage was the motor vehicle liability policy specifically insuring the vehicle.

Here, the accident arose out of the ownership, maintenance, and use of the vehicle insured by the tortfeasor's excess policy. The tortfeasor not only owned and drove the vehicle involved in the accident, but he purchased the excess policy and his use of the vehicle was insured under both the motor vehicle liability policy and the excess policy. Thus, unlike the circumstances in <u>Rask</u>, the liability policy and excess policy insuring the tortfeasor's motor vehicle apply when determining UIM coverage.

The UIM endorsement contained in General Casualty's policy defines underinsured motor vehicle as follows:

> 3.     Underinsured motor vehicle means a land motor vehicle . . . for which the

        sum of all liability bonds or policies that apply at the time of the 'accident' is either:

          a.    Less than the Limit of Insurance for Underinsured Motorists Coverage under this Coverage Form or policy; or

          b.    Reduced by payments to others injured in the 'accident' to less than the Limit of Insurance for Underinsured Motorists coverage under this Coverage Form or policy.

(Doc. #13-1, p. 23).

Because the sum of limits paid under the tortfeasor's motor vehicle liability policy and the excess policy is greater than the UIM limit, the vehicle was not underinsured under the plain language of the policy.

## CONCLUSION

The tortfeasor's vehicle was not underinsured under either the plain language of North Dakota law or General Casualty's policy providing UIM coverage. The Court, after considering the Report and Recommendation and the Jungs' objections, finds the magistrate judge's analysis is correct. The Court **HEREBY ADOPTS** the analysis in the Report and Recommendation and supplements it with this Order. For all of the foregoing reasons, General Casualty's motion for summary judgment (Doc. #12) is **GRANTED**. The Jungs' Complaint is dismissed with prejudice.

    **IT IS SO ORDERED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 27th day of September, 2010.

                                      /s/ Ralph R. Erickson
                                      Ralph R. Erickson, Chief Judge
                                      United States District Court